UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHRISTOPHER D. WHITE,

    Petitioner,

v.

Mr. BRIAN R. JETT/Warden
FMC Rochester,

    Respondent.

Civil No. 10-763 (JRT/JSM)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I.    BACKGROUND**

In 2007, criminal charges were brought against Petitioner in the United States District Court for the District of Maryland. He later pled guilty to a federal drug law violation, and he was sentenced to 60 months in federal prison, to be followed by four years of

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

supervised release. Petitioner was given an enhanced sentence, because the trial court determined that his offense involved a firearm. Petitioner is currently serving his sentence at the Federal Medical Center in Rochester, Minnesota, ("FMC-Rochester").

Petitioner did not file a direct appeal after he was convicted and sentenced. However, in 2008, he filed a motion in the trial court, seeking post-conviction relief under 28 U.S.C. § 2255. In that motion, Petitioner contended that he had been deprived of his constitutional right to effective assistance of counsel, because his attorney (a) failed to object to the firearm enhancement recommended by the pre-sentence report, and (b) did not attempt to suppress certain incriminating evidence. United States v. White, Crim. No. AMD 07-101 (D.Md. 2008), 2008 WL 4533921 at *1. The trial court rejected both of Petitioner's ineffective assistance of counsel arguments and denied his § 2255 motion. Id. at * 1-2. Petitioner tried to appeal that ruling, but the Fourth Circuit Court of Appeals summarily dismissed the appeal, finding that Petitioner was not entitled to a certificate of appealability. United States v. White, 324 Fed.Appx. 226 (4th Cir.) (unpublished opinion), cert. denied, 130 S.Ct. 337 (2009).

In Petitioner's present § 2241 habeas corpus petition, he claims that his sentence is unconstitutional and should be vacated pursuant to District of Columbia v. Heller, 128 S.Ct. 2783 (2008). In Heller, the Supreme Court held that a District of Columbia gun control law was unconstitutional under the Second Amendment. Petitioner now contends that his sentence enhancement was unconstitutional, because, under Heller, he had a constitutional right to possess the firearm that caused the enhancement. According to Petitioner, Heller is retroactively applicable to his criminal case and requires that he be re-sentenced without any firearm enhancement.

2

The current petition also includes a host of other claims pertaining to the conditions of Petitioner's confinement at FMC-Rochester. Petitioner broadly asserts that unnamed prison officials interfered with his mail, refused to provide legal resources that he sought, failed to respond to various grievances that he tried to file, wrongly transferred him between federal correctional facilities, and wrongly deprived him certain unidentified benefits. Petitioner also contends that prison officials at FMC-Rochester have misinterpreted and misapplied the Second Chance Act of 2007, which affects the procedures for assigning federal prisoners to a Residential Reentry Center, ("RRC"), or "half-way house."

For the reasons discussed below, the Court finds that none of the claims presented in Petitioner's current habeas corpus petition can properly be entertained in this proceeding. The Court will therefore recommend that this action be summarily dismissed.

## II. DISCUSSION

### A. Heller Claim

Petitioner's principal claim is that the sentence imposed in his Maryland federal criminal case is unconstitutional under Heller. Petitioner is seeking a writ of habeas corpus under 28 U.S.C. § 2241, which would vacate the sentence imposed by the trial court, and (presumably) cause him to be re-sentenced to a shorter prison term.

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). Section 2255(e) provides that –

> [a]n application for a writ of habeas corpus in behalf of a

> prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], <u>shall not be entertained</u> if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. (Emphasis added.)

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." <u>Hill v. Morrison</u>, 349 F.3d 1089, 1091 (8th Cir. 2003). No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" <u>DeSimone v. Lacy</u>, 805 F.2d 321, 323 (8th Cir. 1986) (<u>per curiam</u>), <u>quoting</u> 28 U.S.C. § 2255. <u>See also Von Ludwitz v. Ralston</u>, 716 F.2d 528, 529 (8th Cir. 1983) (<u>per curiam</u>) (same). The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," (<u>Abdullah</u>, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it is readily apparent that Petitioner is challenging the validity of the 60-month prison sentence imposed by the trial court in his 2007 federal criminal case in Maryland. Petitioner claims that he should be re-sentenced, because the sentence imposed by the trial court is unconstitutional under <u>Heller</u>. Because Petitioner is directly challenging the legality of the prison sentence imposed by the trial court, his current habeas

4

corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. Here, however, Petitioner is precluded from seeking relief under § 2255 because he has already sought such relief once before. Any new request for § 2255 relief that might now come before the trial court would have to be treated as a "second or successive" § 2255 motion, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); see also Boykin v. United States, No. 99-3369 (8th Cir. 2000), 2000 WL 1610732 (unpublished opinion). Because the instant Petitioner has not obtained a pre-authorization order from the Fourth Circuit Court of Appeals, the trial court could not entertain a new § 2255 motion at this time. Therefore, it would not be appropriate to construe the present habeas corpus petition as a § 2255 motion, and attempt to transfer this matter to the District of Maryland.

It also clear that any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255(f). The one-year statute of limitations for Petitioner's Heller claim began to run no later than the date when Heller was decided, which was June 26, 2008,[2] and expired no later than June 26, 2009. However, the current petition was not filed until March 12, 2010. Therefore, even if the current petition were treated as a § 2255 motion, Petitioner's Heller claim is time-barred. For this additional reason, it is inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Finally, [a] federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998). Section 2255 is not inadequate or ineffective, thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Applying this rule here, the Court finds that Petitioner is not eligible for the § 2255 savings clause because he did have a reasonable opportunity to bring his Heller claim in a § 2255 motion. Indeed, it appears that Petitioner had two such opportunities.

---

[2] This assumes that Heller actually is retroactively applicable to cases on collateral review, for purposes of 28 U.S.C. § 2255(f)(3). The validity of that assumption, however, is very doubtful. If Heller is not retroactively applicable, (which is most likely the case), then the § 2255 statute of limitations began to run on the last date when Petitioner could have filed a direct appeal from his conviction and sentence, (see 28 U.S.C. § 2255(f)(1)), which apparently was sometime in late 2007.

6

First, Heller was decided on June 26, 2008, and Petitioner's § 2255 motion was not decided until October 9, 2008. White, 2008 WL 4533921. Therefore, Petitioner could have presented his Heller claim during his prior § 2255 proceedings. In addition, as Petitioner contends, if Heller is indeed retroactively applicable on collateral review, (as Petitioner contends), then he would have had good grounds for asking the Fourth Circuit Court of Appeals for authorization to file a second § 2255 motion pursuant to § 2255(h)(2).[3]

Petitioner cannot now claim that § 2255 is "inadequate or ineffective" simply because he failed to present his Heller claim in his prior § 2255 motion, and he failed to bring a timely request to the Fourth Circuit Court of Appeals for permission to file a second § 2255 motion pursuant to § 2255(h)(2). See Hill, 349 F.3d at 1092 (§ 2255 is not an inadequate or ineffective remedy where the prisoner had "at least two opportunities to raise [his] argument before the sentencing court"). As the Eighth Circuit Court of Appeals explained in Abdullah:

> [T]he Due Process Clause of our Constitution does not require that a petitioner have more than one unobstructed procedural opportunity to challenge his conviction. "That does not mean he took the shot, or even that he or his attorney recognized the shot was there for the taking. All the Constitution requires, if it requires that much, is that the procedural opportunity have existed."

---

[3] 28 U.S.C. § 2255(h)(2) provides that --

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain...
  (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Thus, if Heller were retroactively applicable on collateral review, and if Petitioner could not have raised his Heller claim in his first § 2255 motion, then he presumably would have been eligible for authorization to file a second § 2255 motion raising his Heller claim.

7

392 F.3d at 963, quoting Wolford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).

In short, it was Petitioner's lack of diligence – not a shortcoming in the remedy provided by § 2255 – that has prevented him from raising his Heller claim in a § 2255 motion. Therefore, the savings clause is not available for Petitioner's Heller claim, and it cannot be entertained in a § 2241 habeas corpus petition.

### B.   Conditions of Confinement Claims

As noted above, Petitioner's current habeas corpus petition includes several claims pertaining to the conditions of his confinement at FMC-Rochester. However, the federal habeas corpus statutes provide a remedy only for prisoners challenging the fact or duration of their confinement -- not the conditions of their confinement. Otey v. Hopkins, 5 F.3d 1125, 1130-31 (8th Cir. 1993) ("[t]he central focus of the writ of habeas corpus is to provide a remedy for prisoners who are challenging the fact or duration of their physical confinement and are seeking immediate release or a speedier release"), cert. denied, 512 U.S. 1246 (1994). As our Court of Appeals has clearly and succinctly explained –

> If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. [citation omitted.]... Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).

Thus, the Court finds that Petitioner's various conditions-of-confinement claims cannot properly be raised and adjudicated in the present habeas corpus proceeding. This does not mean there is no legal recourse available for those claims. If Petitioner believes that his rights under federal law or the Constitution have been violated by someone acting

8

under color of federal law, he may be entitled to seek relief in a non-habeas civil action. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) ("[h]abeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement ... [;][a] civil rights action, in contrast, is the proper method of challenging 'conditions of... confinement'") (citation omitted).

Under different circumstances, it might be possible to construe Petitioner's habeas corpus petition as a non-habeas civil complaint. That cannot be done here, however, for several reasons. First, Petitioner has not paid the proper filing fee for a non-habeas civil action brought by a prisoner. While the filing fee for a § 2241 habeas corpus petition is only $5.00, the filing fee for a non-habeas civil action is $350.00. 28 U.S.C. § 1914(a).[4] In addition, Petitioner's habeas corpus petition is not readily convertible to a civil complaint. The current pleading was not submitted on the form prescribed for prisoner civil rights actions, (see Local Rule 9.3), and it does not conform to the pleading requirements set forth at Fed. R. Civ. P. Rules 8-11. Furthermore, Petitioner has not adequately described the specific historical facts on which his claims are based, and it is not self-evident that the "Respondent" named in his current habeas corpus petition would necessarily be the "Defendant" in a non-habeas civil complaint.

---

[4] Even if a prisoner applies for leave to proceed in forma pauperis, ("IFP"), the filing fee cannot be waived altogether in a non-habeas civil action. If a prisoner is granted IFP status in a non-habeas civil action, he will be excused from paying the entire fee in advance, but he will have to pay the full filing fee in installments, as prescribed by 28 U.S.C. § 1915(b). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the Prison Litigation Reform Act was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time").

For all of these reasons, the Court concludes that it would not be appropriate to "convert" Petitioner's current habeas petition into a non-habeas civil complaint. Instead, the current petition will simply be dismissed pursuant to Rule 4 of the Governing Rules. (See n. 1, supra.) Petitioner's conditions-of-confinement claims should be dismissed <u>without prejudice</u>, so he will retain the opportunity to raise them in properly pled non-habeas civil action.

### C. <u>Second Chance Act of 2007 Claims</u>

Finally, the current habeas corpus petition includes several references to the Second Chance Act of 2007 – a law that governs the assignment of federal prisoners to half-way houses. Petitioner avers that he "with his own ears, overheard staff talking, about the Second Chance Act, saying... 'They won't get that here,' meaning inmates at FMC Rochester, but fails to remember their names." Petition, Attachment # 1, p. 5. Based on this vague and conclusory allegation, Petitioner seeks relief that he describes as follows:

> the court mandate the application of the Second Chance Act of 2007, in it's order; the FBOP, at FMC Rochester, refuses to ascertain the fact that it applies to all Federal Prisoners'. While systematically, flat out refusing, to apply the Act to this petitioner, a few months ago.

Id., p. 8.

The Court finds that Petitioner's claim based on the Second Chance Act of 2007 should be summarily rejected, because he has failed to offer any factual or legal grounds to support it. The current petition does not indicate whether prison officials at FMC-Rochester have formally considered and decided when Petitioner might be assigned to a half-way house. Indeed, Petitioner has not even shown that he is currently eligible for a transfer to a half-way house. Simply put, Petitioner's claim based on the Second Chance

Act of 2007 is at best premature. If Petitioner becomes eligible for a half-way house assignment under the Second Chance Act of 2007, and if he can then show that the Bureau of Prisons has violated some specific legal right(s) provided to him by that law, he can then bring a new § 2241 habeas corpus petition that clearly explains why he believes he is entitled to relief under that law.

## III.   CONCLUSION

In sum, the Court finds that none of the claims presented in Petitioner's current habeas corpus petition can properly be adjudicated here. Petitioner's claims based on Heller are barred by § 2255(e). His conditions-of-confinement claims must be presented by means of a civil complaint, not a habeas corpus petition. Further, Petitioner's claims based on the Second Chance Act of 2007 are unsupported by any factual allegations or cognizable legal arguments. The Court recommends that Petitioner's habeas corpus petition be dismissed in its entirety, but without prejudice.

Having determined that Petitioner's habeas corpus petition must be summarily dismissed, the Court will further recommend that Petitioner's pending motion for appointment of counsel, (Docket No. 2), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## IV.   RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.   Petitioner's motion for appointment of counsel, (Docket No. 2), be **DENIED**;

2. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: April 2, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by April 16, 2010, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.